UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., as trustee for Option One Mortgage Loan Trust 2007-5 Asset-Backed Certificates, Series 2007-5,<br><br>    Plaintiff,<br>    v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:19-cv-00241-MMD-CSD<br><br>ORDER |

This is a title insurance coverage and bad faith action arising from the sale of a house at a homeowners' association ("HOA") foreclosure sale. Plaintiff Wells Fargo Bank, N.A., brought this action against Defendant Fidelity National Title Insurance Company for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of Nevada's Deceptive Trade Practices Act, and violation of NRS § 686A.310, generally challenging Defendant's decision not to cover a claim that Wells Fargo submitted to Fidelity. (ECF No. 25 (First Amended Complaint ("FAC")).) Before the Court are the parties' motions for reconsideration of a prior order (ECF No. 52 ("Prior Order")) the Court issued in this case. (ECF Nos. 54, 57.)[1] Because the parties merely re-urge arguments the Court considered and rejected in the Prior Order—and as further explained below—the Court will deny both motions.

Fidelity seeks reconsideration of the Court's decision in the Prior Order that the CLTA 100(1)(a) endorsement covers Wells Fargo's loss, arguing that "the HOA liens at issue were created solely by statute, not the CC&Rs." (ECF No. 54 at 3.) Wells Fargo

---

[1] The Court also reviewed the parties' responses and replies. (ECF Nos. 56, 59, 61, 65.)

opposes Fidelity's motion (ECF No. 56) and seeks reconsideration of the Court's decision in the Prior Order that the CLTA 100(2)(a) endorsement does not cover Wells Fargo's loss (ECF No. 57 at 10-13). Fidelity opposes Wells Fargo's motion. (ECF No. 61.)

As both sides are quick to point out about the other side's motion (ECF Nos. 56 at 1-9, 61 at 2),[2] the parties' pending motions consist of nothing more than arguments that the Court considered and ultimately found unpersuasive in the Prior Order (ECF Nos. 26 at 15 ("Only the statute created the super-priority status of the foreclosed lien."), 29 at 15-16 (making the same argument Wells Fargo raises in its motion for reconsideration)). Merely reasserting arguments the Court already rejected does not satisfy the reconsideration standard. *See Nunes*, 375 F.3d at 808; *see also Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.") (citation omitted). The Court does not find it clearly erred in its Prior Order, or that manifest injustice will result from it. *See Nunes*, 375 F.3d at 807-08. The Court accordingly denies both pending motions for reconsideration.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Fidelity's motion for reconsideration (ECF No. 54) is denied.

///

///

---

[2] "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied*, 512 U.S. 1236 (1994)). Here, neither side argues that reconsideration is warranted because of newly discovered evidence or an intervening change in controlling law. (ECF Nos. 54, 57.) The parties instead argue the Court either clearly erred or manifest injustice will result from the Prior Order. (*Id.*)

It is further ordered that Wells Fargo's counter motion for reconsideration (ECF No. 57) is denied.

DATED THIS 10th Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE